IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNELL R. CHARLIER, on behalf of DYLAN MICHAEL CHARLIER, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 13-1661 |
| v. | ) ) |
| CAROLYN W. COLVIN, Commissioner of Social Security | ) ) ) ) ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER**

I. Synopsis

Plaintiff Lynell R. Charlier filed this action on behalf of Claimant Dylan Michael Charlier, her son and a child under the age of 18, seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Claimant supplemental security income ("SSI") under the Social Security Act. 42 U.S.C. §§ 1318-1383. Lynell R. Charlier protectively filed an application for SSI on behalf of Claimant on June 3, 2011. ECF No. 8-2, 10. After Plaintiff's application was denied initially, Claimant's mother requested to have her son's application reviewed by an Administrative Law Judge ("ALJ"). *Id.* On July 19, 2012, Claimant and his mother appeared before an ALJ in Mars, Pennsylvania, and Claimant's mother testified at the hearing. *Id.* On September 30, 2012, the ALJ issued a decision finding that Claimant was not disabled under the Act. *Id.* at 23. Upon exhausting all of her administrative remedies thereafter, Plaintiff filed this action.

1

Pending before the Court are cross-motions for Summary Judgment. ECF Nos. [12] (Plaintiff) & [14] (Defendant). Both parties have filed briefs in support of their motions. ECF Nos. [13] (Plaintiff) & [15] (Defendant). Plaintiff also filed a Reply brief. ECF No. [16]. The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion, as set forth below, I grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and remand this case to the Commissioner for further proceedings.

II. Legal Analysis

　　*A. Standard of Review*

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d); 20 C.F.R. §416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. §416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers the following: whether the impairment(s) affect the claimant's functioning and whether the claimant's activities are typical of other children of the same age who do not have impairments; the activities that the claimant is able to perform; activities that the claimant is unable to perform; which of the claimant's activities are limited or restricted compared to other children of the same age who do not have impairments; where the claimant has difficulty with

---

[1] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[2] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

activities—at home, in childcare, at school, or in the community; whether the claimant has difficulty independently initiating, sustaining, or completing activities; and what kind of help the claimant needs in order to do activities, including how much and how often help is needed. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that the Claimant has not engaged in substantial gainful activity and has severe impairments,[3] but he determined that he did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R §§ 416.924, 416.925, and 416.926, or that functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §§ 416.924(d) and 416.926(a). ECF No. 8-2, 13. Specifically, the ALJ found that Claimant has a marked limitation in attending and completing tasks, less than marked limitation in acquiring and using information and health and physical well-being, and no limitation in interacting and relating with others, moving about and manipulating objects, and in the ability to care for himself. *Id.* at 16-23. As a result, the ALJ found that Claimant is not disabled under the Act. *Id.* at 23.

### B. Plaintiff's Motion

On appeal, Claimant challenges the ALJ's decision in several respects, arguing: (i) that the ALJ failed to obtain adequate waiver of counsel by Plaintiff, (ii) that the ALJ failed to adequately develop the record, and (iii) by failing to find that Claimant has a marked impairment in the domain of health and physical well-being. ECF No. 13, 12-19.

---

[3] The ALJ found Claimant has the following severe impairments: attention deficit hyperactivity disorder, adenotonsilliar hypertrophy, apnea, and migraine headaches. ECF No. 8-2, 13.

1. Plaintiff's Waiver of Counsel

A claimant has a statutory and regulatory right to counsel at a social security disability hearing. 42 U.S.C. § 406; 20 C.F.R §§ 416.1500-416.1507; *Phifer v. Comm's of Soc. Sec.*, 84 Fed. App. 189, 190 (3d Cir. 2003). "The claimant must be given notice of the right to counsel, and the right may be waived only by knowing, voluntary, and intelligent waiver." *Vivaritas v. Comm'r of Soc. Sec.*, 264 Fed. Appx. 155, 157 (3d Cir. 2008). Here, months prior to Claimant's hearing before the ALJ, the Commissioner sent Plaintiff information explaining her right to legal representation and a telephone list of organizations that might possibly represent her. ECF No. 8-4, 7-16 (letter from Chief Administrative ALJ explaining the hearing process). When the Social Security Administration (the "Agency") sent Lynell Charlier, Claimant's mother and Plaintiff, a letter to notify her of the date and time for Claimant's hearing, the Agency again informed her that she may choose to be represented at the hearing. *Id.* at 31. At the hearing, before proceeding, the ALJ clearly and thoroughly explained Claimant's right to counsel to Plaintiff.[4] ECF No. 8-2, 30-35. Then, the ALJ explicitly asked Ms. Charlier if she had any questions about her "rights to representation" to which she responded, "No." *Id.* at 33. Contrary to Plaintiff's contention,[5] I see nothing in the record that indicates Plaintiff did not understand the ALJ's explanation. Additionally, the ALJ explained that he was willing to postpone the hearing if Ms. Charlier wished to seek representation, but she declined. *Id.* Accordingly, I find

---

[4] I am not persuaded by the case law provided by Plaintiff in support of her contention that that the ALJ was obligated to inform Plaintiff about a limit on attorney fees to twenty-five percent of past due benefits. *See* Pl.'s Br. 13. That is not the law of this Circuit. *See Vivaritas*, 264 Fed. Appx. at 157 n.1.

[5] Plaintiff submits that the ALJ should have done more to ensure that Plaintiff's waiver was knowing and intelligent because she demonstrated that "she had limited education or intelligence" by not knowing her son's social security number and stating that she had failed algebra (within the context of discussing how Claimant's grades had improved and informing the ALJ that Claimant was studying algebra in the sixth and seventh grades while she "didn't get it till, like, eight or ninth grade.") ECF No. 13, 14; *See* ECF No. 8-2, 52.

Plaintiff was clearly informed of her right to counsel and that her waiver was knowing and intelligent.

2. Whether Lack of Counsel Prejudiced Plaintiff

"A waiver in and of itself is not a sufficient justification for remand. Rather, remand is proper where the lack of counsel prejudices a claimant or where the lack of counsel leads to an administrative proceeding marked by unfairness." *Phifer ex rel. Phifer v. Comm'r of Soc. Sec.*, 84 Fed. Appx. 189, 191 (3d Cir. 2003) (citing *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980)). The Third Circuit instructs that an ALJ has a "heightened duty of care" to develop the record and must "assume a more active role when the claimant is unrepresented." *Livingston*, 614 F.2d at 345. Here, Plaintiff argues that Plaintiff was prejudiced because the ALJ did not adequately develop the record. I agree.

First, I note that a review of the record clearly shows that the ALJ thought that he was fully and fairly developing the record because Plaintiff lacked counsel. At the hearing, the ALJ took his time questioning Plaintiff, Claimant's mother, and after the hearing, he obtained an additional teacher evaluation[6] and a treating physician's medical source statement and treatment notes to supplement the record. *See* ECF No. 8-2, 56-57; ECF No. 8-7, 26-44; ECF No. 8-8, 59-72. However, in this case, the ALJ's efforts were not sufficient because he did not attempt to take testimony from the thirteen-year-old Claimant where Claimant's mother seemingly wanted him to testify but for the fact that the ALJ inexplicably would not allow her to remain in the room during Claimant's testimony.

---

[6] Plaintiff takes issue with the fact that the Teacher Questionnaire was completed by Claimant's guidance counselor. However, the form states that it "should be completed by the person(s) most familiar with the child's overall functioning." ECF No. 8-7, 26. Plaintiff offers no reason as to why the guidance counselor could not complete the Questionnaire other than she is not a teacher. ECF No. 16, 8. Additionally, when given the opportunity, Claimant's mother did not object to admission of the additional Teacher Questionnaire into evidence. ECF No. 8-7, 43.

After Claimant's mother finished testifying the following exchange occurred between Plaintiff and the ALJ:

> Q: Let me talk just a little bit about testimony from Dylan. In many children's cases, were there an attorney here or not – I don't take testimony from the kid. That's up to you.
>
> You've given me your insight as to what's going on with him. I'm happy to talk to him if you want me to, but I don't have to. Because you're not represented, I'm going to leave that decision with you. You want me to bring Dylan in and talk to him a little bit; strictly your call; don't have to.
>
> A: I don't know.
>
> Q: However you want to go. That's strictly up to you.
>
> A: If he comes in, you want me out. Right?
>
> Q: Yes.
>
> A: No. I think I've done a good enough job on my own.

ECF No. 8-2, 55-56. It is unclear why the ALJ required sequestration of the Claimant's mother despite the non-adversarial nature of the Agency's administrative review process. 20 C.F.R. § 405.1(c)(1). Although not binding on the Agency or the courts, the Hearings, Appeals and Litigation Law Manual ("HALLEX") provides some guidance in the case of a child claimant, advising ALJs to "exercise judgment" and "always allow the child to testify if the child or the child's representative, parent, guardian, etc. so requests." HALLEX I-5-4-30, Attachment 1, No. 29. Moreover, in the Agency's Notice of Hearing to Plaintiff advising her that Claimant's administrative hearing had been scheduled, the Agency stated, in bold: "It Is Important That You, and Your Child, Come To Your Hearing." ECF No. 8-4, 30 (emphasis in original). In a situation such as this where (i) an unrepresented Plaintiff declined to have her son testify after the ALJ refused to let her remain in the room, (ii) the Claimant is thirteen years old and capable

7

of testifying, and (iii) the ALJ had a heightened duty to develop the record because Plaintiff was unrepresented, I find remand is appropriate to clarify gaps in the record with Claimant's testimony, such as the reasons why Claimant frequently missed school and with regard to the frequency and severity of his migraine headaches.

Because the decision whether to seek a consultative examination is left to the discretion of the ALJ, and I now remand this case to allow the ALJ to further develop the record, I will not opine on the ALJ's decision not to seek a consultative examination to evaluate Plaintiff's ADHD. 20 C.F.R. § 416.917; *Veite v. Astrue*, No. 11-28, 2011 WL 6780655, at *10 (W.D. Pa. Dec. 27, 2011) (citing *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2001). Similarly, I need not address whether substantial evidence supports the ALJ's findings regarding Claimant's impairments with respect to the domain of health and physical well-being.

Lastly, I emphasize that my decision today does not stand for the proposition that minor claimants must testify or be permitted to do so in every case. My decision is limited to the facts and circumstances of this particular case.

### III. Conclusion

Based on the evidence of record and the briefs filed in support thereof, for the foregoing reasons, I grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and remand this case for further administrative proceedings.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNELL R. CHARLIER, on behalf of )
DYLAN MICHAEL CHARLIER, )
)
    Plaintiff, )
) Civil Action No. 13-1661
    v. )
)
CAROLYN W. COLVIN, )
Commissioner of )
Social Security )
)
    Defendant. )

AMBROSE, U.S. Senior District Judge

## ORDER

AND NOW, this 5th day of November, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. [12]) is GRANTED and Defendant's Motion for Summary Judgment (Docket No. [14]) is DENIED. The matter is REMANDED consistent with the Opinion set forth above.

                              BY THE COURT:

                              /s/ Donetta W. Ambrose____
                              Donetta W. Ambrose
                              Senior U.S. District Court Judge